**UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| In Re: | In Bankruptcy No: |
| **MARVIN AMUNDSON and KRISTINE AMUNDSON** | |
| Debtors. | Case No: 25-10109 |
| In Re: | In Bankruptcy No: |
| **AMUNDSON JERSEY FARM, LLC** | |
| Debtor. | Case No: 25-10110 |

**AMENDED CHAPTER 12 PLAN – AUGUST 11, 2025**

1.  The future earnings of the Debtors are submitted to the supervision and control of the Trustee. The Debtors shall pay to the Trustee the monthly sum of $5,325.00. The Plan shall run for sixty (60) months. Any increase in the Trustee Fees shall be as directed by the U. S. Trustee's Office.

**MONTHLY PAYMENTS**

| | |
|---|---|
| Bank of Ontario | Direct Payment |
| Vernon County Treasurer | Paid Pro Rata by Trustee |
| Westby Coop Credit Union | Direct Payment |
| US Small Business Administration | Monthly Payment of $899.25 |
| Deere & Company | Direct Payment |
| LOL Finance Co. | **Monthly Payment of $2,639.00** |
| Unsecured Creditors | Paid Pro Rata |
| Attorneys fees | Paid Pro Rata |
| Trustees Fees    (10%) | Paid Pro Rata |
| TOTAL | **$5,325.00 per month** |

2. **ADMINISTRATIVE EXPENSES**

    **Pittman & Pittman Law Offices, LLC**
    **712 Main Street**
    **La Crosse, WI 54601**

    (All Attorneys fees are subject to approval of Court)    (Est.) **$25,000.00**

3. **SECURED CREDITORS**

    A.    Bank of Ontario
          c/o Attorney Jennifer Schank
          6405 Century Avenue Ste 101
          Middleton, WI 53562

          Bank of Ontario has a real estate mortgage and cross-collateralized farm security agreement that covers the real estate, cattle, equipment, machinery, bank accounts in the proof of claim amount of $2,240,328.80. This claim was filed as claim #9 in 25-10109 and claim #5 in 25-10110, however this is the same claim and shall only be paid once. Bank of Ontario has agreed to refinance its loans and provide additional financing to purchase more cows in the total refinance amount of $2,470,262.41, which is pending approval with the Court at Docket #46. The loans are split between real estate and personal property as follows:
          The real estate loan in the amount of $1,800,000.00 shall accrue interest at 6.0% and amortized over 300 equal monthly payments in the amount of $11,766.45. The promissory note shall control the rights and remedies of each party and this plan is not intended to modify the promissory note. The payment of $11,766.45 shall be made direct to Bank of Ontario from the Debtor's milk check. Bank of Ontario retains its lien until the claim is paid in full.
          The personal property loan in the amount of $670,262.41 shall accrue interest at 6.0% and amortized over 120 equal monthly payments in the amount of $7,493.57. This loan shall mature in 12 months and will be subject to renewal from Bank of Ontario. The promissory note shall control the rights and remedies of each party and this plan is not intended to modify the promissory note. The payment of $7,493.57 shall be made direct to Bank of Ontario from the Debtor's milk check. Bank of Ontario retains its lien until the claim is paid in full.

          **Monthly Payment of $19,260.02 – Direct to Bank of Ontario**

    B.    Vernon County Treasurer
          400 Court House Square St.
          Viroqua WI 54665

          Vernon County Treasurer has a secured claim for real estate taxes in the proof of claim amount of $9,775.93. This claim shall be paid pro-rata by the Trustee at 12% interest.

          **Paid Pro-Rata by Trustee**

    C.    Westby Coop Credit Union
          501 N. Main Street
          Westby, WI 54667

Westby Coop Credit Union ("WCCU") filed a secured proof of claim in the amount of $38,390.51 with the Debtors' 2021 GMC Sierra as collateral. This claim is not being modified and the Debtors shall continue to make the monthly payment of $794.96 directly to the lender. WCCU shall retain its lien until paid in full.

**Monthly payment of $794.96 direct to lender**

    D.    US Small Business Administration
          Office of General Counsel
          65 East State Street, Ste 1350
          Columbus, OH 43215

The US Small Business Administration ("SBA") filed a bifurcated secured/unsecured claim in the total amount of $174,881.60. The Debtors believe the claim is fully secured in the amount of $174,881.60. This secured claim shall be amortized over the remaining 25 years left on the loan at 3.75% interest for a monthly payment of $899.25. This payment shall be made through the Trustee's office while the chapter 12 case is pending. The Debtors shall make the payment direct to the lender upon completion of the chapter 12 case. SBA shall retain its lien upon its collateral until the claim is paid in full.

**Monthly Payment of $899.25 Through Trustee**

    E.    Deere & Company
          PO Box 6600
          Johnston, IA 50131

Deere & Company filed a secured claim in the amount of $4,222.99 with a John Deere 567 Round Baler as collateral. The Debtors have (2) payments left on this contract and are not modifying the John Deere loan. The Debtors shall pay Deere & Company the annual payment of $2,151.28 on or before July 23, 2025 and the final payment of $2,151.28 on or before July 23, 2026. Deer & Company retains its lien until the loan is paid in full.

**Annual Payment of $2,151.28 Direct to Deere & Company**

  **F.**  **LOL Finance Co.**
    **4001 Lexington Avenue North**
    **Arden Hills, MN 55126**

    **LOL Finance Co. filed a secured claim in the amount of $172,011.40 pursuant to a general UCC Financing Statement on the Debtors' assets. This claim was filed as claim #1 in 25-10109 and claim #1 in 25-10110, however this is the same claim and shall only be paid once. This secured claim shall be amortized over seven years at 7.5% interest for a monthly payment of $2,639.00. This payment shall be made through the Trustee's office while the chapter 12 case is pending. The Debtors shall make the payment direct to LOL Finance Co. upon completion of the chapter 12 case. LOL Finance Co. shall retain its lien upon its collateral until the claim is paid in full.**

            **Monthly Payment of $2,639.00 Through Trustee**

4.  **PRIORITY CREDITORS**

  A.  Internal Revenue Service
    PO Box 7346
    Philadelphia, PA 19101

    The Internal Revenue Service filed an amended proof of claim (claim #8) in the amount of $0.00 reflecting the filing of the 2024 tax return. There are no IRS taxes owed and no payment shall be allocated towards the IRS.

            **No Payment**

5.  **LEASES**

Any and all leases/executory contracts are assumed.

    **ALL FARM LEASES/EXECUTORY CONTRACTS ARE ASSUMED**

6.  **UNSECURED CREDITORS**

    The unsecured creditors who filed claims and their claims are approved by the Bankruptcy Court shall be paid in full through this chapter 12 plan. The allowed unsecured debts total $38,821.93 and shall be paid by a pro-rata payment from the Trustee at 0% interest.

            **Paid Pro Rata**

7. **ADMINISTRATIVE**

    a. All payments made under the Plan, including payments to impaired secured creditors, shall be made to the Trustee in the form of check or money order showing the Chapter 12 Case number. Payment to the Trustee shall constitute payment to the creditors for the purpose of calculating any interest.

    b. 1. The Trustee shall deduct from payment to the Trustee, the fee which is set, from time to time by the Court or the United States Trustee Office. Regardless of any other provision of the Plan, the Trustee shall make payments only to creditors holding timely filed and allowed claims.

        2. Confirmation of the Plan shall vest in the Trustee the right, without regard to prior proceedings prosecuted or defended by Debtor, to (1) object to claims and (2) continue or bring actions under 11 U. S. C. Sections. 544, 545, 547, 548 or 553. Payments provided herein for claims which are not allowed or are disallowed and any avoidance recovery shall be distributed to priority and general unsecured creditors as provided under the Plan.

    c. All changes in interest rates as provided by the Plan under 3(a) and (b) shall be given in writing to the Trustee at least thirty (30) days in advance of change.

    d. The effective date of the Plan shall be thirty (30) days after the Court approves the Plan. Unless specified otherwise in the Plan language for a creditor, the first payment shall be due thirty (30) days after the Court approves the Plan.

    e. The Debtors will provide to the Trustee (1) quarterly cash flow reports within thirty (30) days after the end of each quarter, (2) copies of timely filed federal income tax returns when filed and, upon demand, and (3) any other records which should be kept in the ordinary court of Debtors' business.

    f. Governmental claims arising under 11 U.S.C. § 1232 shall be (1) treated as general unsecured claims arising before the date of filing, (2) are not entitled to priority claim treatment, and (3) shall be discharged in accordance with 11 U.S.C. §§ 1228 & 1232. If the debtor(s) file a tax return for a period for which such a claim arises, the debtor(s) shall prepare and serve a notice of the claim on the governmental unit(s) charged with the responsibility for the collection of the tax in accordance with 11 U.S.C. § 1232(d)(2) and, to the extent that the governmental unit(s), the debtor(s), or the Trustee timely files a proof of claim pursuant 11 U.S.C. § 1232(d)(3), the claim shall be included in and receive pro rata treatment under Paragraph 6.

**Dated this   11th   day of August, 2025 at La Crosse, Wisconsin.**

                                              **Pittman & Pittman Law Offices, LLC**

                                              **By:**     **s/Greg P. Pittman**
                                                            **Attorney No: 1073787**
                                                             **Attorney for Debtors**

**712 Main Street**
**La Crosse, WI  54601**
**(608) 784-0841**